**SUTHERLAND-INNES CO., Limited, v. AMERICAN WIRED HOOP CO.**

(Circuit Court of Appeals, Eighth Circuit.   December 2, 1901.)

No. 1,574.

ACTIONS—SUBSTITUTED SERVICE OF SUMMONS—PERSONAL JUDGMENT.

A Wisconsin corporation recovered a money judgment in the circuit court of the United States, in Minnesota, against a Canadian corporation.   About the same time the latter company obtained a money judgment against the former in a state court in Wisconsin, which it sought to set off by petition in federal court.   The Wisconsin corporation had

no office or officer in that state, and service of the summons in the action against it was made on its president, at his home in Minnesota. It did not appear in the action, and judgment by default was entered. An order authorizing such service of the summons was issued on an affidavit alleging that a suit by attachment had been brought, and lands of the Wisconsin company attached in that state, and that its officers were nonresidents of that state. Rev. St. Wis. 1898, § 2637, provides that actions against corporations shall be commenced in the same manner as personal actions against natural persons, and that the summons against a domestic private corporation shall be served by delivering a copy to the president or certain other officer or managing agent, or as provided in section 1775b, which provides that within 10 days after each election of officers a domestic private corporation shall file with the register of deeds of the county in which its articles of incorporation are recorded a list of its officers on whom service may be made, and, if it fails to do so, service on it may be made by delivering copy of process to such register, and that such service shall have the same effect as personal service. Section 2639 provides that service on persons in certain specified cases may be made without the state or by publication, and may be so made on a corporation when the proper officers on whom to make service do not exist or cannot be found. Section 2731 authorizes attachment when all proper officers of such a corporation on whom to serve the summons are nonresidents of the state. *Held*, that the substituted service, provided by section 2639, did not authorize the rendition of a personal judgment against the Wisconsin corporation, but only a judgment good against the property attached in that action; hence the petition to set off was properly denied.[1]

In Error to the Circuit Court of the United States for the District of Minnesota.

This case arises on the following facts: The American Wired Hoop Company, a corporation of Wisconsin, the defendant in error, on February 1, 1900, recovered a judgment against the Sutherland-Innes Company, Limited, a Canadian corporation, the plaintiff in error, for the sum of $1,122, in the circuit court of the United States for the district of Minnesota. On January 5, 1900, the Canadian corporation last named recovered a judgment against the Wisconsin corporation above named in the circuit court of Douglas county, state of Wisconsin, for the sum of $2,438.60. At the time the action was instituted in which the last-mentioned judgment was recovered the Wisconsin corporation against which it was rendered, although a domestic corporation, had no officers or agents residing in Wisconsin, where the action was brought. Service was accordingly obtained by delivering to the president of the Wisconsin corporation at his home in St. Paul, in the state of Minnesota, a copy of the summons and complaint. No answer was filed or appearance entered, but at the return term the Wisconsin court rendered a judgment by default for the sum heretofore stated against the Wisconsin corporation. Thereupon the Canadian corporation filed a motion in the circuit court of the United States for the district of Minnesota to obtain an order that the one judgment be set off against the other so as to cancel the judgment against it and to discharge the judgment against the Wisconsin corporation pro tanto. Such order was denied by the circuit court on February 27, 1901, on the sole ground that the Wisconsin court did not, by virtue of the service aforesaid, acquire jurisdiction to render a personal or general judgment against the Wisconsin corporation, and that as a general judgment it was a nullity. To reverse this decision the Canadian company sued out the present writ of error.

Alfred H. Bright, for plaintiff in error.
Morris P. Brewer, for defendant in error.

---

[1] Service of process on foreign corporations, see note to Eldred v. Palace-Car Co., 45 C. C. A. 3.

Before SANBORN and THAYER, Circuit Judges, and ADAMS, District Judge.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Both of the parties litigant, by their counsel, agree apparently that it was unnecessary for the Sutherland-Innes Company, the plaintiff below, to have filed an original bill to enforce the right of set-off which it asserted, and that the right in question, if it exists, can be enforced in the manner attempted; that is to say, by a motion or petition filed in the lower court in the case wherein one of the judgments involved was recovered. Accepting that as a sound view concerning the question of practice, we proceed to inquire whether the judgment which was rendered by the circuit court of Douglas county, Wis., hereafter referred to as the Wisconsin court, was obtained on such service of process as would support a personal or general judgment against the American Wired Hoop Company, since it is further conceded that unless it was a valid general judgment no right of set-off exists.

The service on which the judgment of the Wisconsin court was founded was, as above stated, made in the state of Minnesota by the delivery of a copy of the summons and complaint to the president of the Wisconsin corporation. The order authorizing such a service was obtained on an affidavit which alleged, in substance, that a suit by attachment had been brought against the Wisconsin company by the Canadian company; that lands belonging to the former company, located in Douglas county, Wis., had been attached; and that the proper officers of the attached corporation, on whom service of legal process might be made, were nonresidents of the state of Wisconsin, and could not be found therein. There can be no doubt, therefore, and no controversy arises on that point, that the service was sufficient to enable the Wisconsin court to render a special judgment subjecting the lands that were within its jurisdiction, and had been attached, to the payment of the plaintiff's demand after it had been established. It is a very different question, however, whether the judgment that was rendered on this service was valid and binding as a general judgment in personam against the Wisconsin company. The plaintiff in error maintains the affirmative of this issue, while the defendant in error supports the negative.

Chapter 120 of the Revised Statutes of Wisconsin for the year 1898 (Sanborn and Berryman's Annotations) deals with the subject of commencing civil actions and the mode of serving civil process. Beginning with section 2629, it first provides how natural persons may be served, and then provides, by section 2637 of the same chapter, for service upon corporations of various kinds. That section declares that:

"Actions against corporations shall be commenced in the same manner as personal actions against natural persons. The summons and the accompanying complaint or notice aforesaid shall be served and such service held of the same effect as personal service on a natural person by delivering a

copy thereof as follows: (1) If the action be against a county, to the county clerk. (2) If against a town, to the chairman of the town or the town clerk. * * * (10) If against any other corporation organized under the laws of this state, to the president or other such chief officer, vice-president, secretary, cashier, treasurer, director or managing agent thereof, or in the manner provided in section 1775b in the cases therein provided for."

The American Wired Hoop Company was a corporation of the class referred to in the tenth subdivision, last quoted, of section 2637. Section 2639 of the same chapter (that is to say, chapter 120) is entitled "Service by Publication, Etc.," and is as follows:

"Sec. 2639. Service of the summons may be made without the state or by publication upon a defendant against whom a cause of action appears to exist, or who appears to be a necessary or proper party to an action relating to real estate, on obtaining an order therefor as provided in the next following section, in either of the following cases: (1) When such defendant is a non-resident of this state or his residence is unknown, or is a foreign corporation, and the defendant has property within the state, or the cause of action arose therein, and the court has jurisdiction of the subject of the action, whether the action be founded on contract or tort. (2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors or avoid the service of a summons, or keeps himself concealed therein with the like intent. (3) When the subject of the action is real or personal property in this state and the defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partially in excluding the defendant from any interest or lien therein. (4) When the action is to foreclose, redeem from or satisfy a mortgage, claim or lien upon real estate, and the defendant is a proper party thereto. (5) When the action is for a divorce. (6) When the action is against any private corporation organized under the laws of the state and the proper officers on whom to make service do not exist or cannot be found. (7) When the subject of the actin is real or personal property in this state and one or more of the defendants are unknown and have or claim a lien or interest, actual or contingent, therein, and the relief demanded consists wholly or partially in excluding such defendant or defendants from any lien or interest therein."

Chapter 124, Rev. St. Wis. 1898, deals with the subject of actions by attachment. Section 2731 of the latter chapter provides in what cases writs of attachment may be issued. It will suffice to say of this section that it permits the issuance of a writ of attachment when the plaintiff files an affidavit to the effect—First, "that the defendant has absconded or is about to abscond from this state, or is concealed therein, to the injury of his creditors, or keeps himself concealed therein with intent to avoid the service of a summons".; second, "that the defendant has assigned, conveyed, disposed of or concealed, or is about to assign, convey, dispose of or conceal his property or any part thereof, with intent to defraud his creditors"; third, "that the defendant has removed or is about to remove any of his property out of this state with intent to defraud his creditors"; fourth, "that the defendant fraudulently contracted the debt or incurred the obligations respecting which the action is brought"; fifth, "that the defendant is not a resident of this state"; and, sixth, "that the defendant is a foreign corporation; or if created under the laws of this state that all proper officers thereof on whom to serve the summons do not exist, are nonresidents of the state or cannot be found."

Section 1775b of the Wisconsin Revised Statutes, to which refer-

ence is made in subdivision 10 of section 2637 provides in sub-stance, that every private corporation organized under the laws of Wisconsin shall, on or prior to October 1, 1898, and thereafter, within 10 days after each election of officers, file with the register of deeds of the county where its articles of incorporation were recorded a list of its officers on whom service may be made, as provided in subdivision 10 of section 2637, and that in all cases when a corporation fails to file such a list service may be had upon it by delivering to such register of deeds true copies of such legal process as one desires to serve. The section also declares that such service shall have the same effect as if it had been served personally upon any one of the officers designated in subdivision 10 of section 2637. Laws Wis. 1899, c. 46, pp. 61, 62.

The question arising on the foregoing statutes is, in the first instance, one of legislative intent, the question being: Did the lawmaker, by subdivision 6, § 2639, Rev. St. 1898, intend to authorize the rendition of a general judgment against a domestic corporation on service had by publication or outside the state, or merely to empower the courts of the state to enforce any right, claim, or demand which might be preferred against property located within the state in which a domestic corporation was interested whose officers could not be found within the state? Although the question is not wholly free from doubt, we incline to the latter view, and so decide.

Since the decision in Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, it has not been the habit of the legislatures of the various states to authorize the rendition of general judgments against natural or artificial persons, on substituted service, such as service by publication or service made outside of the state; while it has been a common practice on the part of such bodies to make provision by substituted service for the due enforcement of attachment liens and all other rights and claims against property located within the state, when there are persons or corporations having, or appearing to have, an interest in the property who cannot be personally served. When resort is had to substituted service, there is always more or less danger that a judgment may be rendered without actual notice to the defendant, and, in the absence of a clear manifestation of a contrary purpose, we think it always ought to be presumed, when a judgment on substituted service is authorized, that it was the intent of the lawmaker that such a judgment should bind the absent defendant to such extent only as might be necessary to enable the courts of the state to effectually enforce rights, liens, or claims which might at any time be asserted against property within their jurisdiction.

The Wisconsin statute makes no distinction at first between natural persons and artificial persons as respects the method of service. The service upon each is required to be personal by the delivery of a copy of the summons and complaint to the defendant, such delivery, in the case of an ordinary private corporation, to be made to the president or other chief officer. Section 2637, subd. 10. That provision of the statute on which the plaintiff in error

relies as justifying a different mode of service for the purpose of obtaining a general judgment is found in the section concerning service by publication or substituted service, and a glance at the various subdivisions of that section shows that in every instance where substituted service is permitted, except in subdivision 6, it is allowed for the express purpose of enabling a plaintiff to enforce some right against property, either because it has been attached or is cumbered with a lien, or because the title is clouded with some adverse claim which the plaintiff desires to have removed. The provision allowing service by publication in cases of divorce belongs to the same category, such actions being in the nature of proceedings in rem to dissolve the marital relation and determine the status of the parties. In framing section 2639, it is manifest, therefore, that the legislature had in mind a class of proceedings that are quasi in rem,—the very class of actions in which it is usual to make provision for bringing in persons by constructive service who are beyond the jurisdiction of the court, merely for the purpose of binding their interest as respects the res.

Furthermore, it will be observed that there is almost an exact correspondence between the various subdivisions of section 2639 and the subdivisions of section 2731 relative to attachments. The cases wherein substituted service is allowed are such cases as were liable to arise under the attachment statute. It is made one of the grounds of attachment (vide section 2731, subdiv. 6) that the defendant is a corporation created under the laws of the state, and "that all proper officers thereof on whom to serve summons do not exist, are nonresidents of the state or cannot be found"; from which a very strong inference arises that when, by subdivision 6 of section 2639, the legislature authorized a corporation to be brought in by publication if "the proper officers on whom to make service do not exist or cannot be found," it intended to provide a method of service where a writ of attachment was sued out under subdivision 6 of section 2731 against the property of a corporation.

It is further noticeable that section 1775b, which provides a species of constructive service under certain conditions therein mentioned, expressly declares that such service, when resorted to, shall be as effectual as personal service upon one of the officers specified in subdivision 10 of section 2637, whereas subdivision 6 of section 2639 contains no equivalent declaration as to the effect of the service. In view of this circumstance, it may be fairly inferred that the latter species of constructive service was intended to have no greater force or effect than the service provided for in the other subdivisions of section 2639; and, as respects service had under the other subdivisions of that section, it is plain, we think, that such service was only intended to lay the foundation for a special judgment, binding the absent defendant, not generally, but only as respects property within the state that had been attached, or as respects which some other relief was sought by the plaintiff. Being of the opinion, therefore, that subdivision 6 of section 2639 was not intended to authorize the rendition of a general judgment against a corporation whose officers could not be found within the state, it

becomes unnecessary to determine the further question, which has been argued at length, whether, if such was the legislative purpose, the act would be valid. The legislature, in our judgment, did not intend to authorize the rendition of a general judgment against a defendant corporation unless it appeared and submitted itself to the jurisdiction of the court. As the Wisconsin corporation in the present instance did not thus appear, but suffered a default, the judgment rendered against it was only effective to bind the attached property, and is not good as a general judgment. This, as we understand, was the view entertained by the trial court, and, being of the same opinion, the judgment below is accordingly affirmed.